UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-00013-JAW |
| | ) | |
| FAYSAL KALAYAF MANAHE, | ) | |
| YASER AALI, | ) | |
| AMMAR ALKINANI, and | ) | |
| QUASIM SAESAH | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DISCOVERY MOTIONS**

Following the government's responses, the Court addresses and rejects a defendant's four motions for discovery as either unnecessary or beyond the scope of permissible discovery. At the same time, the Court stands willing to perform an in camera review of any specific discovery upon appropriate request.

**I.   BACKGROUND**

   **A.   Procedural Background**

On May 31, 2022, Ammar Alkinani filed four discovery motions against the Government in this case. *Mot. for Disc. (Brady and Giglio)*[1] (ECF No. 67) (*Defs.' Brady/Giglio Mot.*); *Mot. for Early Disclosure of Jencks Act Materials* (ECF No. 69) (*Defs.' Jencks Mot.*); *Mot. for Order to Produce Personnel Files* (ECF No. 70) (*Defs.' Personnel Mot.*); *Mot. for Order to Preserve and Produce Rough Notes* (ECF No. 71) (*Defs.' Notes Mot.*). The three other named defendants each joined Mr. Alkinani's

---

[1]   *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States,* 405 U.S. 150 (1972).

motions.[2] *Def. Faysal Kalayaf Manahe's Mot. for Leave to File Joinder in Mots. Filed by Co-Defs.* (ECF No. 77); *Def. Quasim Saesah's Notice of Joining in Mots. Filed by Co-Defs.* (ECF No. 81); *Def. Yaser Aali's Notice of Joining in Mots. Filed by Co-Defs.* (ECF No. 82). On June 21, 2022, the Government filed its response to all discovery motions. *United States' Omnibus Opp'n to Defs.' Disc. Mots.* (ECF No. 92) (*Gov't's Opp'n*). On July 5, 2022, Mr. Alkinani filed his reply to the Government's opposition. *Def.'s Reply to Gov't's Omnibus Opp'n to Disc. Mots.* (ECF No. 100) (*Defs.' Reply*).

## B. Factual Background

On January 27, 2022, a federal grand jury issued a nine-page indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Alkinani, and Quasim Saesah and their respective home health care agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1, by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers by agreeing to fix the rates paid to PSS workers and by agreeing not to hire each other's workers. *Indictment* ¶ 1-18 (ECF No. 1) (*Indictment*). In addition, the indictment alleges that home health care agencies were eligible to apply for and receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans were forgivable so long as the loan recipients expended a certain percentage of the loans directly for payroll within a designated time. *Id.* The indictment sets forth the managerial or ownership roles the Defendants, as well as

---

[2]   As the other Defendants joined Mr. Alkinani's motions but did not offer additional argument, except when the context suggests otherwise, the Court refers to the motion as the Defendants' motion, even though Mr. Alkinani filed the substantive motion and the other three Defendants joined.

other unnamed and unindicted individuals, had in their respective home health care agencies, and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II. THE DISCOVERY MOTIONS

### A. The Defendants' Discovery Motions

#### 1. The Motion for *Brady* and *Giglio* Material

In the motion for *Brady* and *Giglio* material, Mr. Alkinani recites the familiar legal obligation of the Government in a criminal case to produce "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment . . .," *Brady,* 373 U.S. at 87, including "evidence affecting credibility." *Giglio,* 405 U.S. at 154. *Defs.' Brady/Giglio Mot.* at 1-3. Citing *United States v. Bagley*, 473 U.S. 667 (1985), Mr. Alkinani warns the Court not to accept the Government's presumed attempt to distinguish between "materials which are directly exculpatory and materials which could be used to impeach the credibility of critical government witnesses." *Id.* at 3. Mr. Alkinani also says that he is not only entitled to immediate production of *Brady* and *Giglio* material but to "those materials in a useable form." *Id.* at 4. Mr. Alkinani stresses that the Government must seek out material not only in its own files but in the files of "related agencies which might reasonably be expected to have possession of such information." *Id.*

#### 2. The Motion for Jencks Act Material

Citing *United States v. Conroy*, 589 F.2d 1258, 1272 (5th Cir. 1979) and 18 U.S.C. § 3500, Mr. Alkinani notes that the Jencks Act mandates that the Government

3

turn over to the defense any statements in its possession relating to the subject matter of the testimony of a witness who has taken the stand for the Government. *Defs.' Jencks Mot.* at 1. Mr. Alkinani urges the Court to order the Government to turn over Jencks Act statements "a minimum of one (1) month before trial" because early production "is necessary, appropriate and in the interests of justice."[3] *Id.* at 3. Mr. Alkinani states that "counsel seeks early production to ensure there will be adequate time to comprehensively review the material and both consult and advise Mr. [Alkinani], as well as prepare for trial." *Id.*

### 3.   The Motion for Personnel Files

In this motion, Mr. Alkinani asks that the Court require the Government to produce "the personnel files of all law enforcement witnesses whom it intends to call as witnesses at trial." *Defs.' Personnel Mot.* at 1. Mr. Alkinani wishes to inspect those files "for evidence of perjurious conduct or other like dishonesty to determine if those portions of the witnesses' personnel files should be made available to Defendant for impeachment purposes." *Id.* Mr. Alkinani concedes that the Department of Justice and the Department of the Treasury have adopted a *Giglio* policy that requires "disclosure of precisely such information whenever a request for potential impeachment information of a potential law enforcement witness has been submitted to the United States Attorney's Office . . . and the requisite search has revealed such

---

[3]   Mr. Alkinani's motion states that trial in this matter is scheduled for "May 4, 2020" and says that the Defendant is "Defendant Hess." *Defs.' Mot.* at 3. Apparently inadvertently, defense counsel carried over a similar motion that he filed in *United States v. Paul Hess*. *See* No. 2:19-cr-00030-GZS-2, *Mot. for Early Disclosure of Jencks Act Materials* (ECF No. 108). This Court's order is the same as Judge Singal's order denying pretrial discovery motions in *Hess*. *See id.*, *Order on Defs.' Pretrial Discovery Mots.* at 2 (ECF No. 145).

impeachment information exists." *Id.* at 1-2. At the same time, Mr. Alkinani acknowledges that the Government is not required to produce the entire personnel file of a potential law enforcement witness simply because a defendant has requested it. *Id.* at 2-3.

### 4. The Motion for Rough Notes

Mr. Alkinani moves this Court "to order the government to preserve **and produce** all rough notes made during the course of the investigation." *Defs.' Notes Mot.* at 1 (emphasis in original). Mr. Alkinani believes that the notes may contain *Brady* material and cites cases from other circuits where courts have ordered that such notes be preserved. *Id.* at 1-2.

## B. The Government's Responses

### 1. The Motion for *Brady* and *Giglio* Material

In its response, the Government affirms that it "has and will continue to disclose, in a timely manner, evidence that may be considered exculpatory, may contradict anticipated testimony, or may be used to impeach a witness." *Gov't's Opp'n* at 3. The Government represents that as it has not yet decided "who it will call as witnesses at trial," the Defendants' "request for credibility materials relating to any government witnesses [is] premature." *Id.* However, once it makes those decisions, the Government states that it "will, at an appropriate time before trial and as ordered by the Court, provide such information to Defendants." *Id.* at 4. The Government cites *United States v. Zuschlag*, No. 2:16-cr-158-DBH, 2017 U.S. Dist. LEXIS 116682

5

(D. Me. July 26, 2017) as supporting its request that the Defendants' motion be dismissed without prejudice. *Id.*

### 2. The Motion for Jencks Act Material

In response, quoting *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1980), the Government observes that the First Circuit has held that "[t]he Jencks Act does not require the government to turn over a statement until the person who made it has testified on direct examination for the government." *Gov't's Opp'n* at 4 (quoting 608 F.2d at 893 n.3). Nevertheless, the Government represents that it has "already provided all such materials for anticipated [witnesses] to Defendants." *Id.* at 4-5. The Government further states that as the prosecution team has obtained additional Jencks Act material, "it has made additional productions to Defendants" and it "intends to continue to do so." *Id.* at 5.

### 3. The Motion for Personnel Files

In its response, the Government quotes *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), for the proposition that a criminal defendant may request a review of government employee witnesses' personnel files for "information favorable to the defense that meets the appropriate standard of materiality," but that the government is not obligated to provide the files unless they "contain information that is or may be material to the defendant's case." *Gov't's Opp'n* at 5 (quoting 931 F.2d at 30-31). The Government confirmed its awareness of *Giglio* and the Attorney General's *Giglio* policy and represented that it has a "well-established process in place for identifying and disclosing whatever impeachment information may reside in the personnel files

6

of law enforcement witnesses, and will follow that process in this case." *Id.* If an issue of materiality arises, the Government represented it will turn the file over to the Court for an in camera review. *Id.* at 5-6.

#### 4. The Motion for Rough Notes

In its response, the Government represents that it has "already taken steps to ensure that such notes in its possession be preserved." *Gov't's Opp'n* at 6. The Government also acknowledges that an in camera review by the Court may be appropriate if there is an issue in dispute. *Id.* But citing First Circuit authority, the Government objects to a broad order requiring it to turn over the notes because the First Circuit has ruled that such notes are not statements within the meaning of the Jencks Act. *Id.* at 6-7 (citing *United States v. Landron-Class*, 696 F.3d 62, 72-73 (1st Cir. 2012) and *United States v. Sepulveda*, 15 F.3d 1161, 1179 (1st Cir. 1993)).

### C. The Defendants' Reply

Mr. Alkinani filed a brief omnibus reply to the Government's opposition. *Defs.' Reply* at 1. Mr. Alkinani says that the Government's affirmation that it understands and will comply with its discovery obligations is "all well and good." *Id.* But Mr. Alkinani emphasizes the appellate requirement that these discovery issues must be raised or they may be deemed waived. *Id.* at 1-2.

## III. DISCUSSION

### A. The *Brady/Giglio* Motion

Turning first to the *Brady/Giglio* motion, the Court observes that the Government has "affirmatively represented that it understands its *Brady* and *Giglio*

7

obligations and will comply with its legal duties in a timely manner." *United States v. Barnard*, 1:14-cr-00088-JAW, 2016 U.S. Dist. LEXIS 44386, at *6 (D. Me. Apr. 1, 2016); *see United States v. Zuschlag*, No. 2:16-cr-158-DBH, 2017 U.S. Dist. LEXIS 116682, at *4 (D. Me. July 26, 2017). With the Government's affirmative representation, the Court "concludes that the discovery motion must be dismissed; however, it is doing so without prejudice to the Defendant[s'] later argument that the Government failed to live up to its promises." *Barnard*, 2016 U.S. Dist. LEXIS 44386, at *6-7.

    **B.**    **The Jencks Act Motion**

To the extent that the Defendants seek an order requiring early disclosure of Jencks Act material, the motion is a non-starter because the First Circuit has made it plain that a district court does not have the authority to mandate such early disclosure. *United States v. Grandmont*, 680 F.2d 867, 874 (1st Cir. 1982) ("A court may not compel the disclosure of statements of Government witnesses before the conclusion of their direct testimony"); *Hess*, No. 2:19-cr-00030-GZS-2, *Order on Defs.' Pretrial Discovery Mots.* at 2; *United States v. Congo*, No. 2:18-cr-193-JDL, 2019 U.S. Dist. LEXIS 144376, at *2 (D. Me. Aug. 26, 2019).

At the same time, the Government has represented that it has and will continue to provide Jencks Act material as it is received. If a further issue arises, the Defendants are free to bring it to the attention of the Court. *Hess*, No. 2:19-cr-00030-GZS, *Order on Defs.' Pretrial Discovery Mots.* at 2 ("Moreover, the Government has indicated a willingness to work with Defendants to engage in a reciprocal exchange

8

of Jencks material in advance so as to avoid delay in any future proceedings. If these efforts do not yield a viable plan and Defendants remain concerned about delays during the upcoming trial, they are free to request a conference with the Court").

### C.     The Personnel File Motion

Once, as here, the Government states that it will comply with the Attorney General's *Giglio* policy regarding the personnel files of law enforcement witnesses, "[n]othing further is required." *Zuschlag*, 2017 U.S. Dist. LEXIS 116682 at *5 (quoting *United States v. Pulk*, No. 06-59-P-S, 2007 U.S. Dist. LEXIS 5641, at *3 (D. Me. Jan. 24, 2007)); *see Henthorn*, 931 F.2d at 31. Given this response, the Court concludes that "no further order is necessary in order for Defendants to receive the responsive discovery sought via this Motion." *Hess*, No. 2:19-cr-00030-GZS, *Order on Defs.' Pretrial Discovery Mots.* at 3.

### D.     The Rough Notes Motion

As the Government has represented that it has preserved all such notes in its possession, the Court finds it unnecessary to issue an order confirming the Government's representation of preservation. *Hess*, No. 2:19-cr-00030-GZS-2, *Order on Defs.' Pretrial Discovery Mots.* at 3 ("Given this representation, the Court agrees with the Government that the preservation request in Defendant's Motion is moot"); *compare Barnard*, 2016 U.S. Dist. LEXIS 44386, at *6-7.

Regarding production, the Court concludes that at this juncture, there is an insufficient basis for the Court to order production beyond what the Government is required to produce under the *Brady/Giglio/*Jencks Act trilogy. *Hess*, No. 2:19-cr-

9

00030-GZS-2, *Order on Defs.' Pretrial Discovery Mots.* at 3 ("The Court construes the production portion of Defendant's Motion as seeking the production of rough notes above and beyond what the Government would be required to produce under the Brady-Giglio-Jencks requests, upon which the Court has already ruled"). Federal Rule of Criminal Procedure 16(a)(2) suggests that such production is not authorized under the criminal rules. FED. R. CRIM. P. 16(a)(2) ("Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Finally, in *Sepulveda*, the First Circuit ruled that rough notes are not discoverable under the Jencks Act because they are not substantially verbatim accounts and are not signed by the witness. 15 F.3d at 1179. Of course, if the Defendants wish to bring this issue to the Court's attention and request an in camera review, they may do so. *See id.* (noting that the district court performed such an in camera review of various police files).

IV. **CONCLUSION**

The Court DISMISSES without prejudice Ammar Alkinani's Motion for Discovery (Brady and Giglio) (ECF No. 67); Motion for Early Disclosure of Jencks Act Materials (ECF No. 69); Motion to Produce Personnel Files (ECF No. 70); and Motion for Order to Preserve and Produce Rough Notes (ECF No. 71).

The Court also DISMISSES without prejudice the joined motions of the Co-Defendants. *See* Defendant Faysal Kalayaf Manahe's Motion for Leave to File

10

Joinder in Motions Filed by Co-Defendants (ECF No. 77); Defendant Quasim Saesah's Notice of Joining in Motions Filed by Co-Defendants (ECF No. 81); and Defendant Yaser Aali's Notice of Joining in Motions Filed by Co-Defendants (ECF No. 82).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2022